SANDERS, Justice.
Plaintiffs, as qualified electors and taxpayers, instituted suit to enjoin the Ascension-St. James Bridge and Ferry Authority and the Department of Highways of the State of Louisiana from carrying out a conjoint plan for the construction of a toll bridge across the Mississippi River at Donaldsonville, Louisiana. They attack a contract entered into between the defendants, whereby the Department of Highways is to contribute $5,350,000 toward the construction of the toll bridge and the resolution of the Bridge and Ferry Authority adopted on June 9, 1961 which required the charging and collecting of tolls and authorized the issuance of $30,000,000 in revenue bonds secured by these toll charges and the contribution of the Department of Highways under the aforesaid contract.
In support of their claim for a preliminary writ of injunction, plaintiffs seek to have the court declare the contract entered into between the defendants invalid and the toll-bond resolution of the Ascension-St. James Bridge and Ferry Authority illegal and unconstitutional.
A rule nisi issued, and after trial there was judgment in favor of defendants recalling the rule issued, rejecting the demands of plaintiffs, and dismissing their suit. The plaintiffs have appealed.
Principally the attack of the plaintiffs is levelled at the creation of the Ascension-St. James Bridge and Ferry Authority by a proclamation of the Governor under the provisions of Act 526 of 1958, LSA-R.S. 48:1091 et seq.; the authority of the Department of Highways of the State of Louisiana, acting under Act 8 of 1952, LSA-R.S. 48:1151 et seq., to enter into a contract to contribute $5,350,000 over a period of twelve years to the Ascension-St. James Bridge and Ferry Authority for the construction of a toll bridge; and the legality of the resolution of the Ascension-St. James Bridge and Ferry Authority to issue bonds pledging the revenue of the tolls and the contributions to be made by the Department of Highways.
As to the creation of the Ascension-St. James Bridge and Ferry Authority by proclamation of the Governor of the State of Louisiana, it is conceded that the governing *903 bodies of the two parishes involved had taken no action to create an Authority under Act 526 of 1958, LSA-R.S. 48:1091 et seq. Under the provisions of LSA-R.S. 48:1092, in such a situation, it is expressly provided that “ * * * whenever the governor shall deem it in the public interest to do so, he may create a bridge and ferry authority under this Part. * * The creative authority is explicit. Therefore, the Ascension-St. James Bridge and Ferry Authority was properly created by the proclamation of the Governor.
Plaintiffs contend that the Department of Highways has no authority to enter into the contract or agreement herein under Act 8 of 1952, LSA-R.S. 48:1151 et seq. and that to do so is to create a debt of the State of Louisiana in violation of Article 6, Secs. 19, 22 and 23, and Act 8 of 1952, LSA-R.S. 48:1151.
This argument does not impress us for it is specifically provided in LSA-R.S. 48:-1152:
“The department of highways is hereby authorized to enter into contracts with bridge and ferry authorities, organized under the laws of the state of Louisiana, for the construction, maintenance and operation of bridges and ferries by such authority, which contracts shall be binding upon the department and the state of Louisiana.”
It is to be noted that under LSA-R.S. 48:1151(b) “ 'Authority’ means a bridge and ferry authority organized as a public corporation under the laws of the state of Louisiana for the construction, maintenance and operation of toll bridges and ferries.” Since the Department of Highways is empowered under LSA-R.S. 48:1152 to enter into such contracts, and the Ascension-St. James Bridge and Ferry Authority was organized under law (Act 526 of 1958, LSA-R.S. 48:1091 et seq.), the contract herein, providing for a contribution over a 12-year period, is valid and binding unless it be found violative of the organic law.
Under Section 19 of Article VI of the Constitution, the Legislature shall provide for the establishment and maintenance of a system of hard-surface state highways and bridges. Section 22 provides for the creation of a general highway fund. Section 23 creates a Long Range Highway Fund, and it is provided in subparagraph (4) of this Section:
“The Department of Plighways shall be entitled to withdraw in each fiscal year all moneys remaining in the Long Range Highway Fund, after the Treasurer of Louisiana shall have first set aside the amounts required for the • payment of the principal of and the > interest upon outstanding bonds issued . under authority of this Section, and' shall be entitled to use such moneys for the construction, maintenance, improvement and extension of State highways and the necessary bridges, overpasses, underpasses and tunnels situated thereon, and for the construction of roads and bridges on the parish road system, now or hereafter existing, in the amount of Two Million Three Hundred Fifty-seven thousand Dollars ($2,357,-000.00) each fiscal year.” (Italics ours.)
As disclosed by the exhibits in the record, the funds to be employed by the Department of Highways in carrying out the commitments contained in the agreement with the Ascension-St. James Bridge and Ferry Authority are to be derived from this Long Range Highway Fund, and these exhibits show that there are sufficient funds therein to accommodate this agreement along with others already made.
In carrying out the provisions of Article VI, Section 23, LSA-R.S. 48:1152 empowers the Department of Highways to enter into contracts with bridge and ferry authorities for the construction, maintenance, and operation of bridges and ferries.
*904 Thus the trial judge correctly concluded:
“The Court is of the opinion that, in view of these provisions, the agreement between the Department and the Authority here supports the purposes of the constitutional provisions, rather than impairing or defeating these purposes * * * Thus the two acts under attack, R.S. 48:1151 and R.S. 48:-1091, simply afford cooperative action implementing the constitutional provisions mentioned.”
The final contention is that the resolution of the Ascension-St. James Bridge and Ferry Authority is illegal and unconstitutional in that it pledges for the payment of the bonds authorized to be issued thereunder the contributions of the Department of Highways.
This is answered by the provisions of LSA-R.S. 48:1093(8) and (10) wherein it is provided that this Authority has power:
“(8) To borrow money, make and issue negotiable notes, bonds, refunding bonds, and other evidences of indebtedness or obligation (herein called ‘bonds’) of the authority, said bonds to have a maturity date not longer than fifty years from the date of issue, and to secure the payment of such bonds or * * * any of its revenues and receipts, and including any funds that may be dedicated thereto by any state agency or federal agency, and to make such agreements with the purchasers or holders of such bonds or with others in connection with any such bonds, whether issued or to be issued, as the authority shall deem advisable, and in general, to provide for the security of said bonds and the rights of the holders thereof; (Italics ours.)
******
“(10) Without limitation of the foregoing, to borrow money and accept grants from and to enter into contracts, leases or other transactions with any federal agency * * * and to pledge and assign to secure its bonds any such grants, contracts, leases or other transactions; and to avail itself of the benefits of any present or future laws of the United States.” (Italics ours.)
We conclude, as did the district court, that the plan is in accord with the constitutional and statutory law of the state, particularly in the following respects:
1. It is for a state purpose with title to the bridge in the state.
2. Both the Authority and the Department are acting for and on behalf of the state.
3. That provision has been adequately made for return of the funds to the state, if necessary.
4. The Department of Highways was expressly created under the Constitution and laws of the state for the establishment and maintenance of a system of highways and bridges in the State of Louisiana.
5. The Constitution authorizes the creation of the Long Range Highway Fund and provides specifically that that fund shall be used in the road system of the state.
6. The proposed use is a lawful use of this fund which requires contracts of the nature of the one confected in the instant case.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ cost.